# Exhibit A



Circuit Court For Prince George's County
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

**Case No.:** CAL21-06325

**Other Reference No.(s):** .................................

**Child Support Enforcement Number:** .................................

**Date issued:** June 15, 2021

To: Nelnet Servicing LLC
c/o CT Corp System
5601 South 59th St Ste C
Lincoln, NE 68516

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 60 days after

service of this summons upon you, in this Court, to the attached complaint filed by;

ANTHONY ROBINSON
1010 FOLCROFT LANE
LARGO MD 20774

This summons is effective for service only if served within 60 days after the date it is issued.

_Mahasin Cl Amin_
Clerk of the Circuit Court

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

CC-CV-032 (Rev. 01/2019)          Page 1 of 2          CAL21-06325

**CIRCUIT COURT OF PRINCE GEORGE'S COUNTY MARYLAND**

ANTHONY ROBINSON
1010 Folcroft Lane
Largo, Maryland 20774

      Plaintiff,               Case No. _____

v.

NELNET SERVICING, LLC
c/o C T Corporation System
5601 South 59TH St, Suite C
LINCOLN, NE 68516

      Defendant.

---

## CIVIL COMPLAINT AND JURY DEMAND

The Plaintiff, Anthony Robinson, by undersigned counsel, files suit against Nelnet Loan Servicing ("Nelnet"), and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for a consumer seeking actual, statutory damages and punitive damages brought pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA") and the common law tort of defamation.

### PARTIES, JURISDICTION AND VENUE

2.     Plaintiff is a natural person who resides in the state of Maryland. At all times relevant he was a "consumer" as defined by 15 U S C. S1681a(c).

3.     Nelnet provides education services in loan servicing, payment processing, education planning, and asset management.

4.     This court's jurisdiction arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

1

5.      This venue is appropriate, pursuant to 28 U.S.C. § 1391(b)(2), as the Plaintiff resides in this Court's district and the conduct described herein occurred within this district.

## FACTUAL ALLEGATIONS

6.      Up to five NELNET student loan tradelines and collections appeared on Plaintiff's credit reports with Equifax, Experian and Trans Union, although the tradelines did not reflect that the furnisher was NELNET and instead reported that the furnisher was USDE.

7.      The credit reports were inaccurate because Mr. Robinson did not have a student loan account with USDE, let alone five different accounts.

8.      NELNET is in possession of a police report filed by Mr. Robinson that states that he did not obtain a student loan and that there were two student loan accounts fraudulently opened under his name.

9.      Notwithstanding its personal knowledge that Mr. Robinson does not have a student loan account, NELNET informed the CRAs that Mr. Robinson has five student loan accounts, including accounts in collections.

10.      Mr. Robinson disputed the NELNET student loan accounts with each of the credit reporting agencies Equifax, Experian and Trans Union ("CRAs").

11.      In his dispute letter, Mr. Robinson stated that he "did not open or authorize the creation of these accounts." Mr. Robinson apprised the CRAs that these same student loan accounts had been disputed before and removed. He further apprised the CRAs

that he filed and provided them with a police report in the past and enclosed a copy of that police report.

12.     He also informed the CRAs that USDE's reporting of student loan accounts have been the subject of litigation in the past and that a settlement was reached where it was agreed the student loan accounts would no longer be reported on his reports. Included with the dispute was contact information for the attorney that represented the CRA in the litigation, for verification that the accounts should be removed.

13.     The disputed loans were Parent Plus loans that whose proceeds were used to pay for educational costs of his daughter, LaKeisha Wooden (formerly LaKeisha Robinson). Thus, Plaintiff advised the CRAs to contact his daughter, LaKeisha Wooden, to investigate who opened the loan accounts. Last, Mr. Robinson suggested that the CRAs specifically ask USDE how it was able to verify that he opened the account.

14.     Each of the CRAs forwarded Mr. Robinson's dispute to NELNET.

15.     NELNET did not investigate Mr. Robinson's dispute. Instead, NELNET just instructed the CRAs to continue reporting the student loan debts as belonging to Mr. Robinson.

16.     Despite NELNET's instructions to continue reporting the accounts, both Equifax and Experian blocked the NELNET tradelines from appearing on Mr. Robinson's credit reports.

17.     Trans Union removed some of the NELNET tradelines, but continued reporting at least two student loan accounts. The student loan accounts that remained were for the

3

same amounts and originated on the same dates, and were clearly duplicate accounts for the same exact loans.

18.     After receiving Trans Union's dispute results, Mr. Robinson disputed the two remaining NELNET student loan accounts with Trans Union.

19.     In this dispute letter, Mr. Robinson stated the accounts did not belong to him and that the accounts were removed after he disputed and filed suit because of the reporting. He provided the attorney information to verify there was an agreement to have the accounts removed. Additionally, he referenced the specific credit report that removed the accounts.

20.     Then, he pointed out that Trans Union just removed two NELNET accounts and that the remaining two NELNET accounts were duplicates (same original balance and open date) that also should be removed.

21.     Trans Union forwarded Mr. Robinson's dispute to NELNET.

22.     NELNET received the notice of Mr. Robinson's dispute but did not investigate the claims in the dispute. Instead, NELNET simply noted that he disputed the accounts and continued to report the accounts belonged to Plaintiff.

23.     Credit reports containing the false NELNET student loan accounts were prepared and published to third parties.

## COUNT ONE: VIOLATION OF FCRA

24.     Plaintiff incorporates paragraphs 1 through 23.

25.     Defendant NELNET violated the FCRA, 15 U.S.C. § 1681s-2(b)(1) by failing to fully and properly investigate the Plaintiffs disputes.

4

26.     Defendant NELNET violated the FCRA, 15 U.S.C. § 1681s-2(b)(1) by failing to review all relevant information provided by the CRAs.

27.     Defendant NELNET violated the FCRA, 15 U.S.C. § 1681s-2(b)(1) by failing to accurately report the results of its investigation.

28.     Defendant NELNET violated the FCRA, 15 U.S.C. § 1681s-2(b)(1) by failing to delete, block or modify inaccurate, incomplete or unverifiable information.

29.     As a result of this conduct, actions and inactions of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein: out of-pocket and/or pecuniary costs, credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

30.     Defendants' conduct, actions and inactions were negligent, rendering Defendant liable for actual damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681s-2(b)(1).

## COUNT TWO: DEFAMATION

31.     Plaintiff incorporates paragraphs 1-30 by reference.

32.     Defendant NELNET intentionally and maliciously instructed the credit reporting agencies to inaccurately report the false debt.

33.     NELNET's own records revealed that Mr. Robinson did not open the account and had no legal obligation on the debt.

34.     The Defendant's publishing that the Plaintiff had student loan accounts, including accounts that were in collections, constituted a defamatory statement intended to impugn him as to be financially irresponsible and to injure his credit and employment profile.

5

35.     Defendant's foregoing statements were false and published without a privilege.

36.     Defendant published the false statements to the CRAs, and reasonably understood its publication to be defamatory.

37.     Defendant knew the CRAs would publish the false and defamatory publication to other creditors, potential creditors, and employers or potential employers of the Plaintiff.

38.     Defendant acted with knowledge of the falsity of the statements and with the intent to harm (or reckless disregard for) the Plaintiff chances of obtaining credit or employment when instructing the CRAs to report the erroneous credit information.

39.     As a result of the false statements published by Defendant, the character and financial reputation of Plaintiff was harmed, his standing and reputation in the financial and credit community was impaired, and he suffered mental anguish.

38.     As a direct and proximate result of the false and defamatory credit reporting published by Defendant, the Plaintiff's credit score and credit profiles were injured, thereby suffering a loss of prospective credit and/or employment.

WHEREFORE, your Plaintiff demands judgment for actual damages against Defendant, for his attorney's fees and costs; for prejudgment and post judgment interest; and any other relief deemed appropriate by this Court.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

ANTHONY ROBINSON

_____

Quinn B. Lobato

6

210 Grisdale Hill
Riva, MD 21140
Tel: (240) 305-4770
quinn.lobato@gmail.com

*Counsel for Plaintiff*